IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARVIN LANGSTON,

    Plaintiff,

v.                           Docket No.: _____

ALLSTATE INS CO,

    Defendant.

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, MARVIN LANGSTON, by and through undersigned counsel, and brings the following Complaint for Damages resulting from negligence, breach of contract, and bad faith against ALLSTATE INS CO and respectfully states as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Marvin Langston, (hereinafter "Plaintiff") is a resident of Memphis, Shelby County, Tennessee.

2. Defendant, Allstate Ins Co, is a foreign corporation authorized to do business in the State of Tennessee and may be served with process through the Commissioner of Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

3. Diversity of citizenship exists between the parties and the amount in controversy exceeds the statutory minimum.

4. Venue is proper in this Court.

## FACTS

5. On or about July 11, 2008, Plaintiff was the owner of a dwelling located at 1476 East Person, Memphis, Tennessee.

6. Plaintiff insured said dwelling through Defendant, Allstate Insurance Company against any loss for the contents associated with the dwelling along with the dwelling itself.

7. On or about July 11, 2009, said dwelling was engulfed in fire.

8. Fire Investigator D. Leake determined that the fire was arson. (See attached Incident Report)

9. After an investigation into the matter, Defendant denied said claim stating that the fire was incendiary in origin.

10. Defendant further claimed that Plaintiff procured or intentionally set fire to the premises based upon misrepresentations in statement under oath and a failure to cooperate with Defendant's investigation.

## NEGLIGENCE

11. Plaintiff hereby restates and incorporates the allegations of paragraphs 1 through 9 hereinabove.

12. The four elements necessary for a negligence claim exist in this case:

   (a) a duty existed on the part of Defendant to make Plaintiff whole through the issuance of an insurance policy which protects Plaintiff from a loss.

   (b) that duty was breached by Defendant;

   (c) this breach of duty was the actual and proximate cause of the Plaintiff's injury; and

(d) the Plaintiff has suffered damages as a result of this breach.

## BREACH OF CONTRACT AND BAD FAITH AGAINST DEFENDANT

13. Plaintiff hereby restates and incorporates the allegations of Paragraphs 1 through 11 hereinabove.

14. The Property Owners Insurance Policy between the Plaintiff and Defendant clearly and unambiguously obligates Defendant to pay its insured Plaintiff for damages to his home.

15. The Plaintiff has made demand upon the Defendant for damages to his home.

16. Defendant refused to pay the Plaintiff for damages to his home.

17. Defendant's continued failure to pay this claim is a breach of the Property Owners Insurance Policy Contract and a violation of Tennessee Code Annotated §56-7-105. The Plaintiff has suffered damages as a result thereof in an amount to be proved at trial.

## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

18. Plaintiff hereby restates and incorporates the allegations of Paragraphs 1 through 17 hereinabove.

19. The transaction and existing contract between the Plaintiff and Defendant are an act of commerce as recognized under the Tennessee Consumer Protection Act.

20. The Defendant has engaged in unfair and deceptive acts which constitutes violations of the Tennessee Consumer Protect Act codified at T.C.A. -18-104 et. al.

21. The Plaintiff has placed the Defendant on notice of this unfair and deceptive act and Defendant's breach of the contract in bad faith was knowing and willful as is the Defendant's continued refusal to pay contract damages.

WHEREFORE, PLAINTIFF PRAYS:

1. That service of process issue against the Defendant requiring it to appear and to answer this Complaint.

2. That the Plaintiff be awarded compensatory damages in the amount of Three Hundred Fifty Thousand and no/100 Dollars ($350,000.00);

3. That the Plaintiff be awarded post-judgment interest as allowed by law;

4. That a jury be empanelled to try the issues when joined; and

5. Such other, further and general relief to which it may be entitled and which the Court shall deem to be just and equitable.

Respectfully submitted,

**THE COCHRAN FIRM – MEMPHIS**

s/Mark A. Lambert
Tenn. B.P.R. 22509
THE COCHRAN FIRM - MEMPHIS
Attorney for Plaintiff
40 S. Main Street, Suite 2600
Memphis, Tennessee 38103
(901) 523-1222
(901) 523-1999 fax
mlambert@cochranfirm.com